IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RONALD SATISH EMRIT                                                      PLAINTIFF

v.                                             CIVIL ACTION NO. 3:23-CV-102-MPM-RP

UNIVERSITY OF MIAMI SCHOOL OF LAW, et al.            DEFENDANTS

**ORDER STAYING CASE**

      This matter is before the court *sua sponte* for consideration of ordering a stay of this case pending a ruling on the defendant's Motion to Dismiss or, Alternatively, to Transfer Venue. ECF #7. In its order granting the plaintiff's motion for leave to proceed *in forma pauperis,* the court noted that venue is plainly improper in this court, as none of the defendants is alleged to reside in this district and none of the allegations is related in any way to this district. Nonetheless, because improper venue is a waivable defense, the court declined to dismiss the case *sua sponte,* granted the plaintiff's IFP motion, and ordered that the defendants be served with process.

      The defendants have now moved to dismiss the complaint or transfer venue based upon improper venue in this court. Further, pointing out that an identical complaint against these defendants by this plaintiff in the U.S. District Court for the Southern District of Florida was dismissed by that court pursuant to 28 U.S.C. § 1915(e)(2), the defendants request the dismissal of the present complaint on the additional grounds that it is duplicative, frivolous, malicious, and fails to state a claim on which relief may granted. Although the defendants make no request to stay this case pending a ruling on their motion, the court finds such a stay is appropriate.

      "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v.*

*Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (referring to power to stay proceedings as incident to such inherent powers)). In the present case, it appears to the court that the defendants' assertion of improper venue plainly has merit, and it appears that the motion to dismiss the complaint on other grounds may well have merit also. As such, for purposes of judicial economy and to avoid the potentially unnecessary expenditure of time and resources by the litigants and counsel, the court will stay this case pending a ruling on the defendants' motion to dismiss. However, there is an issue with the defendants' motion that requires their prompt attention – it does not appear that the plaintiff has been served with a copy of the motion.

The certificate of service attached to the defendants' motion states that counsel filed the motion via CM/ECF, "which will send notification of such filing to the appropriate CM/ECF participant(s), as follows," after which the plaintiff's name and address are listed. ECF #7 at 3. However, the *pro se* plaintiff is not a registered CM/ECF participant. Service of the motion must be made on the plaintiff by other means specified in Federal Rule of Civil Procedure 5(b)(2), such as by mailing it to the plaintiff's last known address. The defendants must remedy this defect before their motion may be considered.

THEREFORE, IT IS ORDERED that all proceedings in this case unrelated to the defendants' Motion to Dismiss or, Alternatively, to Transfer Venue are STAYED pending the court's ruling on the motion.

FURTHER, the defendants are ORDERED to file a certificate of service, no later than seven days from the date of this order, demonstrating that the defendants have properly served the plaintiff with a copy of their motion and supporting memorandum, as well as the certificate

of service itself. Any failure by the defendants to file a certificate of service as required by this order may result in the denial of their motion and a lifting of the stay.

SO ORDERED, this, the 22nd day of June, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE