IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONALD SATISH EMRIT**                                                                                           **PLAINTIFF**

**V.**                                                         **NO: 3:23-CV-102**

**UNIVERSITY OF MIAMI SCHOOL**                                             **DEFENDANTS**
**OF LAW, et al.**

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF NO. 8). Plaintiff has responded in opposition to the motion (ECF No. 20). The Court is prepared to rule.

In his Complaint, Plaintiff Emrit describes himself as a resident of Florida. (ECF No. 1). Plaintiff Emrit alleges that "the principal place of business and/or nerve center" of all three defendants is the University of Miami School of Law in Coral Gables, Florida (*Id.*). Mr. Emrit asserts a series of claims that duplicate the claims he asserted earlier in a separate lawsuit in the Southern District of Florida.[1] Mr. Emrit's allegations constellate around an alleged decision of the University of Miami Law School not to employ him. (*See id.*) Mr. Emrit identifies no connection to the Northern District of Mississippi.

In granting Mr. Emrit's earlier motion to proceed *in forma pauperis*, the Court noted that "venue is plainly improper in this court, as none of the defendants is alleged to reside in this district and none of the allegations are related in any way to this district. *See* 28 U.S.C. § 1391(b)." (ECF No. 4). The Court did not dismiss the case *sua sponte*, because venue is a waivable defense.

---

[1] Defendants note that Plaintiff Emrit has filed the same complaint in at least seven different federal courts. (ECF No. 8, PageID.58).

Defendants have now stated clearly on the record that they are not waiving the defense. (ECF No. 8). Venue in the Northern District of Mississippi remains improper.

"Where venue is improper, the district court should generally dismiss the case." *Seville v. Maersk Line, Limited*, 53 F.4th 890, 894 (Fifth Cir. 2022). Under 28 U.S.C. § 1406, the court "retains discretion to transfer [the case] to a proper venue if such a transfer would serve 'the interest of justice.'" *Id.* (quoting § 1406). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides that a court "shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious…[or] fails to state a claim on which relief may be granted." A case under the statute "may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Emmet v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012). Mr. Emrit raises claims in this case that duplicate the claims he asserted in a case he brought in the Southern District of Florida. Under these circumstances, the Court finds it appropriate to dismiss the case.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendants' Motion to Dismiss is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**.
2. All remaining Motions (ECF Nos. 11, 12, 13, 16, 17, 21, 22, 23) are **DENIED AS MOOT**.

This the 31st day of July, 2023.

/s/ **Michael P. Mills**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI